# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**CURTIS LOVELL JOHNSON MILES**                                                    **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO. 3:17CV-P614-CRS**

**UNKNOWN CASEWORKER(S)** *et al.*                                                **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Curtis Lovell Johnson Miles, a pretrial detainee incarcerated in the Louisville Metro Department of Corrections (LMDC), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the complaint will be dismissed. Plaintiff also filed a letter (DN 6) addressed to the undersigned, which the Court construes as a motion to file a supplemental complaint and, for the reasons herein, will deny.

### I.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## II.

As Defendants in the instant action, Plaintiff names (1) "Unknown Caseworker(s)" at "Lou. Probation and Parole" in their individual and official capacities; (2) Louisville Metro Police Department (LMPD) Officer Matthew Kennington in his individual and official capacities; (3) Johnathan Hall, Manager at the Kentucky Department of Corrections (KDOC) in his individual and official capacities; and (4) LaDonna Thompson, former KDOC Commissioner in her official capacity. Plaintiff's allegations in the complaint are based primarily upon prior criminal arrests and convictions. He also raises a claim regarding his religion. As relief, Plaintiff seeks compensatory and punitive damages and an apology from Defendants.

### A. *Claims Regarding Prior Criminal Arrests and Convictions*

As to Plaintiff's claims based upon prior criminal arrests and convictions, his allegations begin in 2004 when he states that he was charged with burglary. Plaintiff claims that he spent three months and twelve days in jail before this charge was dismissed. Plaintiff alleges that he was then arrested for the same crime in 2005 and spent six months and twenty days in jail before the charge was again dismissed. Plaintiff states that, in 2006, he was again arrested on the same charge and then spent twenty-one months in jail before being unlawfully convicted of the crime in October 2007 and receiving a ten-year sentence. Plaintiff claims that "[t]he Police" violated his constitutional rights by continuing to arrest and charge him for a crime "that was lawfully dismissed."

Plaintiff also claims that the 21-month period that he spent in jail between his final arrest and ultimate conviction violated his right to a speedy trial. He further claims that his conviction was unlawful because he had verbally retracted his guilty plea and was not present in the courtroom at final sentencing.

Plaintiff next claims that "Lou. Probation and Parole manipulated, modified, and sabotaged my original 10-year sentence," which led to him receiving a longer sentence than he should have received. He alleges that the "Lou. Probation and Parole" changed his arrest date and his parole eligibility date; used an unlawful timeframe to calculate his 10-year sentence; and "manipulated and modified" his timesheet resulting in a four-year minimum outdate. Plaintiff also alleges that the "Parole Board" violated his rights in 2008 by giving him "a 2-year deferrment" and by "reviewing" him two months after his review date.

Plaintiff further alleges that he was charged with escape in 2009. Plaintiff claims that the KDOC unlawfully charged him with escape because he was "8-months past his . . . outdate"

when he was charged and KDOC had failed to release him when he had satisfied his ten-year sentence. Plaintiff claims that the KDOC further violated his rights by using forged documents that showed that he had a "P.F.O-1 sentence" and had been convicted of "PFO" in the past; miscalculating his jail-credit time; refusing to give Plaintiff all of his accrued credits at the same time; withholding Plaintiff's meritorious "good time"; and unlawfully holding Plaintiff in custody past his minimum outdate. Plaintiff claims that as result of these violations he received five more years for escape and burglary.

Plaintiff next claims that when he tried to contact the news media about his unlawful imprisonment, the KDOC sent him to "a Class-D Jail when I had a 15-year sentence." Plaintiff alleges that the KDOC sent him to a Class-D Jail to deny him access to a law library, to prevent him from contacting news media, because it would be easier to control his mail and phone calls, and as a form of punishment.

With respect to the foregoing allegations regarding Plaintiff's prior arrests and convictions, Plaintiff filed an earlier action, *Miles v. Kennington et al.*, Civil Action No. 3:17CV-P514-DJH, containing almost identical allegations and suing three of the same Defendants-- LMPD Officer Kennington, KDOC Manager Hall, and Unknown Probation and Parole Caseworkers in their individual and official capacities.[1] By Memorandum Opinion and Order entered December 1, 2017, after the instant action was filed, that Court dismissed those same claims on initial review pursuant to 28 U.S.C. § 1915A for the following reasons: (1) as barred by the applicable statute of limitations; (2) as barred by the Heck[2] doctrine; (3) for failure to state a claim upon which relief may be granted because Plaintiff failed to make specific allegations

---

[1] In the earlier action, Plaintiff also sued Commonwealth's Attorney Tom Wine and Circuit Court Judge Audra Eckerle, who he neither sues nor brings claims against in the instant complaint.

[2] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

4

against Defendant Officer Kennington in his individual capacity and failed to allege that any injury occurred as a result of a policy or custom by Louisville Metro Government, the real party-in-interest with respect to the official-capacity claims against Defendant Officer Kennington; (4) for failure to state a claim against Defendant Manager Hall because Plaintiff failed to make specific allegations against Defendant Manager Hall in his individual capacity and because a state employee sued in his official capacity for damages is entitled to Eleventh Amendment immunity and is not considered a "person" subject to suit under § 1983. *See* DNs 9 & 10 in Civil Action No. 3:17CV-P514-DJH.

Upon consideration, the Court will dismiss the claims raised in the instant action regarding Plaintiff's prior arrests and convictions for those same reasons that the Court dismissed them in Civil Action No. 3:17CV-P514-DJH.

### *B. Religion Claim*

Only one claim is raised in the instant complaint that was not raised in the prior action. With respect to that claim, Plaintiff states as follows:

> Upon receiving a total 15-year sentence, I constantly asked the Ken. Dept. of Corrections to remove me from <u>all</u> Class-D Jails because <u>None</u> of the Class-D Jails had religious services or religious reading material dealing with my religious preference (which is Jewish). The Ken. Dept. of Corrections violated my constitutional rights by refusing to move me to a facility that possessed Jewish services, Jewish reading material, and Jewish meals. Violations I, V, VII, XIV Amendments.

Presumably, Plaintiff is bringing this claim against Defendant former KDOC Commissioner Thompson. He sued her in her official-capacity only. A state official sued in her official-capacity for damages is entitled to Eleventh Amendment immunity, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985), and is not a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The only injunctive relief requested is an

5

apology, and it is questionable whether the Court has the equitable power to order such relief. *See, e.g.*, *Woodruff v. Ohman*, 29 F. App'x 337, 346 (6th Cir. 2002) (concluding in a § 1983 action that "the district court exceeded its equitable power when it ordered [defendant] to apologize" and holding that "'[w]e are not commissioned to run around getting apologies'" and that an "apology will not provide any remedy to Woodruff for which the damages imposed have not already accounted") (quoting *McKee v. Turner*, 491 F.2d 1106, 1107 (9th Cir. 1974)); *Garcia v. Cameron*, No. 2:10-CV-487-FTM-29, 2010 WL 5477765, at *4 (M.D. Fla. Dec. 30, 2010) ("Nor does the Court have the power to mandate jail officials to provide Plaintiff with an oral or public apology."); *Norris v. Poole*, No. CA8:10-750JFABHH, 2010 WL 1903970, at *3 (D.S.C. Apr. 19, 2010) ("The injunctive relief of compelling a government official to issue a published apology is also not available, because it is in the form of mandamus relief. . . . [and] Plaintiff fails . . . to show that 'he has a clear and indisputable right to the relief sought,' because he has no legal right to a published apology.") (internal citations omitted), *report and recommendation adopted*, No. CA8:10-750JFABHH, 2010 WL 1903971 (D.S.C. May 11, 2010). Regardless, Plaintiff does not allege that he is currently being denied religious services, reading material, or meals, and as a pretrial detainee in the LMDC, the KDOC no longer has authority or control over him. Plaintiff's religion claim will, therefore, be dismissed.

For the foregoing reasons, the complaint will be dismissed by separate Order.

### III. Motion to File a Supplemental Complaint

Plaintiff filed a letter (DN 6), which the Court has construed as a motion to file a supplemental complaint.[3]

As to the other claims in the motion to supplement, Plaintiff complains of "other wrongful actions" that have occurred since he filed his lawsuits. He alleges that he is not allowed "to call an attorney of his choosing because the jail caseworker (Ms. Burns) wont allow the Plaintiff to make a phone-call from her office" and claims that he cannot use the phones in the dorms because "it will say 'this call is restricted,' and the phone will click-off." He also alleges that none of his letters that he mails out of LMDC reach their destination because he never receives an answer from anyone to whom he writes. Plaintiff claims that the alleged wrongdoing is occurring because "Judge Eckerle and her cronies in Frankfort are willing to . . . railroad the Plaintiff back into prison again." Plaintiff additionally claims that LMDC Correctional Officers have "placed foreign infectious and toxic substances in [his] food" and that he has recently been diagnosed as having Hepatitis-A, which he "has never had in his life!"

Plaintiff asserts that he "would file a U.S.C. §§ 2241 asking to be released from custody. However, it would be in vain because my mail is being tampered with!" Further, he states, "I would ask to be released for the following reasons . . . the Plaintiff's health and life is in danger as long as the Plaintiff remains in the Louisville jail!" and "due to the Plaintiff filing a federal

---

[3] The Court notes that in addition to citing to the instant case number in the letter (DN 6), Plaintiff also cites to his earlier-filed case, *Miles v. Kennington et al.*, Civil Action No. 3:17CV-00514-DJH (mentioned above), and challenges the December 1, 2017, dismissal of that action. The docket of that case reveals that the letter was filed in that case and that the Court construed the letter as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure and denied the motion by Order entered March 5, 2018. Those issues having already been addressed in the earlier case, this Court will not address those issues in this case.

lawsuit in the amount of $2,207,000 Dollars against Defendant's, Louisville Probation and Parole, Kentucky Department of Correction, etc."

As relief, Plaintiff requests the Court to issue an order allowing him to make a phone call to an attorney of his choosing and to his family and to issue an order transferring him to Dismas Charities Halfway House until his case is resolved.

Pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Still, there must be some connection between the claims as filed and the supplemental ones: 'A supplemental pleading cannot be used to introduce a separate, distinct and new cause of action.'" *Mitchell v. Clayton*, No. 13-CV-11620, 2014 WL 186026, at *1 (E.D. Mich. Jan. 16, 2014) (quoting *Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1238 (N.D. Cal. 2008)). "Instead, '[t]here must be some relationship or linkage between the claims asserted in the original complaint and the supplemental claims.'" *Id.* (quoting *Imelmann v. Mich. Dep't of Corr.*, No. 12-10671, 2012 WL 2917514, at *1 (E.D. Mich. July 17, 2012)).

Additionally, Rule 18 pertains to joinder of claims and provides that "a party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party," Fed. R. Civ. P. 18(a), and Rule 20 pertains to joinder of parties and provides that persons may be joined in one action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

The claims raised in Plaintiff's motion to supplement pertain to his current incarceration as a pretrial detainee in LMDC. Because the allegations in the instant motion to supplement have no relation to the claims asserted in the complaint, the motion to file a supplemental complaint under Fed. R. Civ. P. 15(d) must be denied. *See* 6A Arthur R. Miller, Mary Kay Kane & A. Benjamin Spencer, Federal Practice and Procedure § 1506 (3d ed. 2017) ("[W]hen the matters alleged in a supplemental pleading have no relation to the claim originally set forth and joinder will not promote judicial economy or the speedy disposition of the dispute between the parties, refusal to allow the supplemental pleading is entirely justified."). Further, the supplemental allegations fail to involve any already named Defendants in this action. Thus, joinder of the claims is not proper under Fed. R. Civ. P. 18(a). Finally, the current claims arising out of his pretrial detention in LMDC do not arise out of the same transaction, occurrence, or series of transactions or occurrences as against Defendants in the complaint or involve common questions of fact. Therefore, Plaintiff's attempt to join LMDC officers/employees in this action is impermissible under Fed. R. Civ. P. 20(a)(2). "[P]laintiffs, especially prisoners, do not have free reign to join multiple claims and defendants in any manner they choose." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009). "'[T]he policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit.'" *Id.* (quoting *Boretsky v. Corzine*, No. 08-2265 (GEB), 2008 WL 2512916, at *4 (D.N.J. June 23, 2008)).

For these reasons, the motion to file a supplemental complaint will be denied by separate Order.

Despite the Court denying that motion, nothing in this Order prohibits Plaintiff from filing a separate § 1983 action regarding his conditions at the LMDC. Accordingly, **the Clerk of**

**Court is DIRECTED to send Plaintiff a 42 U.S.C. § 1983 packet** should he decide to file a new complaint.

Date: March 7, 2018

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4411.005